UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

PAUL CAHALANE,

    Plaintiff,

v.

HEROES SPORTS BAR, LLC, a Florida
limited liability company, BRIAN LEO, individually
and MARC J. DERELLA, individually,

    Defendants.
_____/

**COMPLAINT**

COMES NOW Plaintiff, PAUL CAHALANE, by and through undersigned counsel, and sues the Defendants, HEROES SPORTS BAR, LLC, a Florida limited liability company (hereinafter, referred to as "HEROES"), BRIAN LEO, individually, (hereinafter, "LEO") and MARC J. DERELLA (hereinafter, "DERELLA"), (collectively referred to as "Defendants") and allege as follows:

1.    That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2.    The gravamen of this case is that the Plaintiff was a non-exempt employee hired by the Defendants on an hourly basis, but the Defendants willfully refused to (1) compensate the Plaintiff for all work performed in direct contravention of the law; and (2) compensate the Plaintiff for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic minimum wage for such work, under Federal law.

1

3. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

4. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

5. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

6. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district and were 'employers' under the FLSA.

7. That at all times material hereto, Defendants, BRIAN LEO and MARC J. DERELLA, individually, acted directly in the interests of their employer, the Defendant, HEROES, in relation to the Plaintiff, and these individual Defendants exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, HEROES, and are otherwise an 'employer' under the FLSA.

8. That at all times material hereto, Defendant, HEROES, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

9. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

10. That on or about April 27, 2016, the Plaintiff, PAUL CAHALANE, was hired as an "exempt" employee by the Defendants.

11. During his employment, Defendants had Plaintiff, a non-exempt employee under the FLSA, work for Defendants in excess of forty (40) hours per week without being paid on a salary basis.

12. The Defendants also willfully refused to compensate the Plaintiff for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic

minimum wage for such work, as required by the FLSA.

13. That all records concerning the number of hours actually worked by Plaintiff are in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due.

14. That Plaintiff will exert his diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

## COUNT I
## FLSA – HEROES SPORTS BAR, LLC

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint.

15. That Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

16. That by reason of the intentional, willful and unlawful acts of the Defendant, HEROES, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiffs, PAUL CAHALANE, demands judgment against the Defendant, HEROES SPORTS BAR, LLC, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA –BRIAN LEO

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint.

17. That Plaintiff is entitled to minimum wage for hours worked as well as time and one

half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

18. That by reason of the intentional, willful and unlawful acts of the Defendant, BRIAN LEO, in violation of the FLSA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, PAUL CAHALANE, demands judgment against the Defendant, BRIAN LEO, individually, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper

### COUNT III
### FLSA –MARC J. DERELLA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint.

19. That Plaintiff is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

20. That by reason of the intentional, willful and unlawful acts of the Defendant, MARC J. DERELLA, in violation of the FLSA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, PAUL CAHALANE, demands judgment against the Defendant, MARC J. DERELLA, individually, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

### COUNT IV
### UNJUST ENRICHMENT
### (DEFENDANTS)

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint.

21. The Plaintiff has conferred a benefit on Defendants.

22. Specifically, the Plaintiff has paid the restaurants' utility bills for the Defendants and was

promised reimbursement.

23. Defendants have enjoyed the benefit of receiving such payments.

24. Defendants have therefore been unjustly enriched by deriving a benefit from the amounts paid without paying the costs associated.

25. As a result of Defendants' acts and omissions, the Plaintiff has suffered and will continue to suffer damages as to be proven at trial.

WHEREFORE, Plaintiff request judgment against Defendants, HEROES SPORTS BAR, LLC, BRIAN LEO and MARC J. DERELLA, for all available damages, together with court costs and such further relief as the Court deems proper

## DEMAND FOR JURY TRIAL

Plaintiff, PAUL CAHALANE demands trial by jury.

DATED :July 28, 2016

Respectfully submitted,

**WHITELOCK & ASSOCIATES, P.A.**
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Telephone:  (954) 463-2001
Facsimile:   (954) 463-0410
Counsel for Plaintiff


 *s/ Christopher J. Whitelock*
CHRISTOPHER J. WHITELOCK
Florida Bar No: 0067539
DAVID S. FRANK
Florida Bar No.  93906